a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| THOMAS DWAYNE HARRIS, JR.<br>Petitioner | CIVIL DOCKET NO. 1:23-CV-1671 SEC P |
| VERSUS | CHIEF JUDGE TERRY A. DOUGHTY |
| U.S. IMMIGRATION & CUSTOMS ENFORCEMENT,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by pro se Petitioner Thomas Dwayne Harris, Jr. ("Harris"). Harris is a detainee at the LaSalle ICE Processing Center in Trout, Louisiana. ECF No. 1. Harris claims that his continued detention is unlawful.

Because Harris' Petition is premature and he does not show that his detention is unlawful, his Petition should be DISMISSED WITHOUT PREJUDICE.

I. Background

Harris is a native and citizen of St. Lucia. ECF No. 1 at 10. He was ordered removed from the United States on July 27, 2023. *Id.* Harris asserts that his removal is unlikely to occur in the reasonably foreseeable future. *Id.* He seeks immediate release from custody. *Id. at 11.*

1

II. <u>Law and Analysis</u>

Under 8 U.S.C. § 1231(a)(1)(A), the Government generally has 90 days to remove an alien after he is ordered removed. However, the Supreme Court has held that § 1231 permits the detention beyond 90 days, for a period reasonably necessary to bring about that alien's removal from the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Detention for up to six months after the removal order becomes final is presumptively reasonable. *Id.*

After six months, however, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing. The six-month presumption does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. *See Zadvydas,* 533 U.S. at 701.

At the time of signing his Petition, Harris had been in post-removal order detention for four months. ECF No. 1 at 8. The presumptively reasonable six-month period of post-removal order detention has still not passed. Thus, Harris's habeas petition should be dismissed as premature. *See Okpoju v. Ridge*, 115 F. App'x 302 (5th Cir. 2004), *cert. denied*, 544 U.S. 1066 (2005); *see also Chance v. Napolitano*, 453 F. App'x 535 (5th Cir. 2011); *Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011) (although 90-day period had expired, challenge to detention was premature

because Petitioner had not been in post-removal-order custody more than six months).

### III. Conclusion

Because Harris's Petition is premature and he does not show that his detention is unconstitutional, IT IS RECOMMENDED that the Petition (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Wednesday, December 20, 2023.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE